UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Tim Mackey, et al,                                              No. 13-cv-432 (MJD/LIB)

        Plaintiffs,

v.                                                                      **REPORT AND RECOMMENDATION**

Andrew Jutila, *doing business as AJ's
Companies, doing business as Andrew Jutila
Companies*,

        Defendant,

---

      This matter came before the Court upon Plaintiffs' Motion for an Order to Show Cause,
[Docket No. 29], and upon the Court's Order to Show Cause, [Docket No. 33]. A hearing on the
Motion was held on January 30, 2014, at which both parties were represented by counsel.[1] (See
Minute Entry [Docket No. 39]).[2] For the reasons discussed below, the Court recommends that
Plaintiffs' Motion for an Order to Show Cause, [Docket No. 29], be **GRANTED**; that Defendant
be found in contempt and ordered to pay a fine to the Court which fine may be expunged by his
timely compliance with this Court's prior Order to Compel [Docket No. 27].

## I.      BACKGROUND

      On February 22, 2013, Plaintiffs brought this suit under the Employee Retirement Income
Security Act alleging that Andrew Jutila, doing business as AJ's Companies and Andrew Jutila
Companies ("Defendant") had breached its collective bargaining agreement by failing to provide
a complete set of payroll and employment records for the period of September 1, 2010, through

---

[1] However, despite this Court's Order, [Docket No. 33], the Defendant himself did not appear at the hearing.
[2] The Court was also scheduled to hear John H. Bray's Motion to Withdraw as counsel for Defendant. [Docket
No.34]. However, Mr. Bray withdraw his Motion on the record at the January 30, 2014, hearing. (See Minute Entry
[Docket No. 39]).

December 31, 2011 (the "audit period").  (Compl. [Docket No. 1]).  Plaintiffs seek an Order

compelling Defendant to (1) provide a complete set of payroll and employment records for the

audit period; (2) pay liquidated damages on any unpaid benefit contributions found to be due;

and (3) pay the attorneys' fees and costs Plaintiffs incurred in bringing this action.  (Id.).

Defendant filed his Answer on April 22, 2013.  [Docket No. 10].  A pretrial conference was held

on July 11, 2013, (Minute Entry [Docket No. 15]), and this Court issued its Pretrial Scheduling

Order on July 15, 2013.  [Docket No. 16].

      On October 4, 2013, Plaintiffs made a Motion to Compel Discovery Responses, [Docket

No. 17], in which they alleged that Defendant had neither served his Rule 26(a)(1) disclosures,

nor responded to Plaintiffs' discovery requests.  (Mem. Supp. Mot. Compel [Docket No. 19]).  A

hearing on the Motion was scheduled for December 5, 2013, (Notice of Hearing [Docket No.

18]), and was subsequently rescheduled for December 4, 2013.  (Text-only Order [Docket No.

24]).  However, pursuant to the parties' Stipulation, [Docket No. 25], the hearing was cancelled,

(Text-only Order [Docket No. 28]), and the Motion was granted, with Defendant given until

December 13, 2013, to respond to Plaintiffs' discovery requests.  (Order to Compel [Docket No.

27]).

      Plaintiffs made their present Motion to Show Cause, [Docket No. 29], on December 30,

2013, alleging that Defendant failed to comply with the Court's previous Order to Compel.  On

that same day, this Court issued the Order to Show Cause, [Docket No. 33], requiring Defendant

to appear for a hearing on January 30, 2014, and show cause why he should not be held in

contempt for his failure to comply with the prior Order to Compel, [Docket No. 27].

## II.      DISCUSSION

This Court has the authority to hold a party in contempt.  28 U.S.C. § 636(e)(1) ("A United States magistrate judge . . . shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection"); Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) ("In a proceeding before a magistrate judge, disobedience of a lawful order shall constitute a contempt of the district court for the district wherein the magistrate is sitting") (citing 28 U.S.C. § 636(e)) (internal quotation omitted).[3]  "The court may hold a party violating a discovery order in contempt of court."  Edeh v. Carruthers, Civ. No. 10-2860 (RJK/JSM), 2011 U.S. Dist. LEXIS 118210, at *6 (D. Minn. Sept. 20, 2011) (Mayeron, M.J.), adopted by 2011 U.S. Dist. Lexis 117054 (D. Minn. Oct. 11, 2011) (Kyle, J.).

"Civil . . . contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance."  McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Chicago Truck Drivers, 207 F.3d at 505 ("Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both.").  "Before a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable."  Hazen v. Reagan, 16 F.3d 921, 924 (8th Cir. 1994) (quotation omitted).  When imposing a coercive sanction, "the court has broad discretion to design a remedy that will bring about compliance."  United States v. Open Access Tech. Int'l, Inc., 527 F. Supp. 2d 910, 913 (D. Minn. 2007) (Davis, J.) (quoting Paramedics Electromedicina Comercial, Ltda. V. GE Med. Sys., 369 F.3d 645, 657 (2d Cir. 2004)).  "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint

---

[3] See also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) ("it is firmly established that the power to punish for contempt is inherent in *all courts*" (emphasis added; internal punctuation and citation omitted)).

themselves with the power to adjudge the validity of orders to which they are subject." Chicago

Truck Drivers, 207 F.3d at 504 (citing United States v. United Mine Workers, 330 U.S. 258, 290

n.56 (1947)).

Based upon the evidence in the record, the Court makes the following recommend

findings of fact and conclusions of law.[4]

**A. Proposed Findings of Fact**

The Court makes the following proposed findings of fact by clear and convincing

evidence:

1. This Court's Pretrial Scheduling Order required Defendant to make his Rule 26(a)(1)

   disclosures on or before July 25, 2013.  (Pretrial Scheduling Order [Docket No. 16],

   at 2).  Defendant has not done so.  (Aff. Lawrie [Docket No. 31] (hereinafter "2d Aff.

   Lawrie"), at ¶ 4).

2. Plaintiffs served discovery requests on Defendant on August 13, 2013.  (Aff. Lawrie,

   [Docket No. 20] (hereinafter, "1st Aff. Lawrie"), at ¶ 3).  Those discovery requests

   consisted of Interrogatories, (1st Aff. Lawrie, Ex. A [Docket No. 20-1], at 2-8), and

   Requests for Production of Documents, (1st Aff. Lawrie, Ex. B [Docket No. 20-1], at

   10-16).  Upon receiving no response, Plaintiffs followed up by Letter on September

   30, 2013.  (1st Aff. Lawrie, Ex. D [Docket No. 20-1], at 20).  Upon again receiving

   no response, Plaintiffs filed their Motion to Compel Discovery Responses.  [Docket

   No. 17].

3. That Motion was resolved by the parties' Stipulation, [Docket No. 25], and pursuant

   to that Stipulation this Court granted Plaintiffs' Motion to Compel Discovery

---

[4] To the extent that findings of fact may be considered conclusions of law, they will be deemed conclusions of law.
Similarly, to the extent that matters expressed as conclusions of law may be considered findings of fact, they will be
deemed findings of fact.

Responses and Ordered Defendant to make his Rule 26(a)(1) disclosures and to respond to Plaintiff's Interrogatories and Requests for Production of Documents by no later than December 13, 2013. (Order [Docket No. 27]).

4. This Court's Order to Compel, [Docket No. 27], is a reasonably specific court order. Defendant had constructive knowledge of this Court's Order to Compel, which was served on his counsel via CM/ECF; additionally, Defendant's counsel represented at the January 30, 2014, hearing that Defendant had actual knowledge of the Order.

5. As of December 30, 2013, when Plaintiffs filed the present Motion, Defendant still had neither made his Rule 26(a)(1) disclosures, nor responded to Plaintiff's Interrogatories and Requests for Production of Documents, nor alleged an inability to comply with the Court's Order. (2d Aff. Lawrie [Docket No. 31], at ¶¶ 4-5).[5]

6. This Court's Order to Show Cause, [Docket No. 33], which required that Defendant show cause as to why he should not be held in contempt for his failure to comply with the prior Order to Compel, [Docket No. 27], is a reasonably specific court order. Defendant had constructive knowledge of this Court's Order to Show Cause, which was served on his counsel via CM/ECF; additionally, Defendant's counsel represented at the January 30, 2014, hearing that Defendant had actual knowledge of the Order.

7. Despite the clear requirements of this Court's Order to Compel, [Docket No. 27], and its Order to Show Cause, [Docket No. 33], Defendant has neither complied with those Orders, nor demonstrated his inability to comply with those Orders.

---

[5] On December 2, 2013, Defendant acknowledged that he had neither made his Rule 26(a)(1) disclosures, nor responded to Plaintiffs' Interrogatories and Requests for Production of Documents. (Stip. [Docket No. 25]).

**B. Proposed Conclusions of Law**

**1. Plaintiff has made the requisite showing for a contempt finding.**

In a civil contempt proceeding, the moving party has the burden of proving by clear and convincing evidence that the alleged contemnor has violated the Court's order. Chicago Truck Drivers, 207 F.3d at 505; United States v. Open Access Tech., 527 F. Supp. 2d at 912. "However, the moving party does not need to show that the violation of the Court's order was willful." Open Access Tech., 527 F. Supp. 2d at 912 (quoting Faegre & Benson, LLP v. Purdy, 367 F. Supp. 2d 1238, 1243 (D. Minn. 2005) (Davis, J.)).[6]  In the present case, Plaintiffs have made the necessary showing.

**2. Defendant has not demonstrated an inability to comply with the Court's Orders.**

Because Plaintiffs have made the necessary showing, the burden now shifts to the Defendant to show inability to comply. Chicago Truck Drivers, 207 F.3d at 505; Open Access Tech., 527 F. Supp. 2d at 912. In the Eighth Circuit, a party claiming inability to comply must demonstrate "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply." United States v. Santee Sioux Tribe of Neb., 254 F.3d 728, 736 (8th Cir. 2001); see also Chicago Truck Drivers, 207 F.3d at 506; Open Access Tech., 527 F. Supp. 2d at 912. In the present case, Defendant, through counsel, initially stipulated that he would fully respond to Plaintiffs' discovery requests, and thereby comply with this Court's Order to Compel. However, Defendant failed to do so, and has neither presented any evidence nor made any argument with regard to any of the factors considered in making an inability defense.

---

[6] The Court does note, however, that it can conclude that the violations of this Court's Orders in the present case were indeed willful based on the record now before the Court, and given the clear prior notice to Defendant of his obligation to comply with this Court's Orders.

**3.   The appropriate sanction for Defendant's contempt is a fine, which may be expunged by timely compliance with this Court's Order to Compel.**

When imposing a civil contempt sanction, the record must reflect that the Court considered the following four factors: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." Edeh, 2011 U.S. Dist. LEXIS 118210, at *9 (citing United Mine Workers, 330 U.S. at 303-04).

The first factor concerns the contemnor's continued defiance and the harm it causes the moving party. In the present case, the harm is unnecessary delay that impedes the Plaintiffs' ability to prosecute their case. Defendant was required to make his Rule 26(a)(1) disclosures by no later than July 25, 2013, and was required to respond to Plaintiff's discovery requests by no later than September 13, 2013. Pursuant to Defendant's own Stipulation, and this Court's Order to Compel, Defendant was required to make his Rule 26(a)(1) disclosures and to respond to Plaintiffs' discovery requests by no later than December 13, 2013. Still, as of today's date, Defendant has done neither, and the discovery deadline of April 1, 2014, is fast approaching. Under these circumstances, Defendant's continued refusal to comply with this Court's Orders necessitates a contempt finding.

The second factor concerns whether the proposed contempt sanction is appropriate. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." Chicago Truck Drivers, 207 F.3d at 505. In the present case, Plaintiffs have represented to the Court that their primary goal in bringing this motion is to coerce Defendant's compliance with the Court's judgment and orders. The Court has broad discretion to impose a sanction that will coerce a party's

7

compliance with court orders.  Open Access Tech., 527 F. Supp. at 913.  "The traditional options for civil contempt sanctions include coercive incarceration, coercive fines payable to the Court, [or] compensatory fines payable to victims, fees and expenses of litigation . . . ."  United States v. Dinwiddie, 885 F. Supp. 1299, 1304 (W.D. Mo. 1995) (citing Int'l Union, United Mine Workers of Am. V. Bagwell, 512 U.S. 821 (1994)).  Plaintiffs argue that Defendant's continued failure to respond to their discovery requests, particularly in light of this Court's Order to Compel, demonstrates that "a civil fine is unlikely to coerce [Defendant] to comply with the Order," and that "incarceration is the more appropriate sanction."  (Pl.'s Mem. [Docket No. 30], at 5).  However, this Court, like others in this District, "is hesitant to recommend imprisonment of [a civil contemnor] without first recommending a less severe monetary sanction."  Piscitiello v. Delanor, Kemper & Assocs., LLC, No. 11-cv-2204 (RHK/AJB), 2013 U.S. Dist. LEXIS 101257, at *10-11 (D. Minn. June 17, 2013) (Boylan, C.M.J.), adopted by 2013 U.S. Dist. LEXIS 101005 (Kyle, J.).  Accordingly, the Court finds that a fine, payable to the Court, and which the Defendant may expunge by his timely compliance with this Court's Order to Compel, is the appropriate sanction at this time.

The third factor concerns the contemnor's financial resources and the burden that the proposed sanction would impose.  In the present case, the record contains no evidence whatsoever concerning Defendant's finances.  Thus, there is no evidence before the Court that a civil fine would be an inappropriate burden on Defendant.  Piscitiello, 2013 U.S. Dist. LEXIS 101257, at *11-12 (where "Defendant's financial situation is unclear," recommending civil contempt fine payable to the Court); cf. United States v. Gunnink, No. 12-cv-1528 (MJD/TNL), 2013 U.S. Dist. LEXIS 183791, at *10-12 (D. Minn. Dec. 12, 2013) (Leung, M.J.) (in absence of

any financial information concerning contemnor, order contemnor to pay opposing side's attorney's fees and costs), adopted by 2014 U.S. Dist. LEXIS 5809 (Davis, C.J.).

The final factor concerns the willfulness of the contemnor in disregarding the Court's Orders.  In the present case, the record demonstrates that Defendant had both constructive and actual knowledge of Plaintiffs' discovery requests, of this Court's Order to Compel, and of this Court's Order to Show Cause.  Moreover, this Court's Order to Compel was made pursuant to Defendant's representation in his Stipulation that he would fully respond to Plaintiffs' discovery requests, but has not done so.  Consequently, this Court finds that Defendant's failure to comply with this Court's Order to Compel was willful.

Based on the foregoing analysis, the Court concludes that a civil fine levied against Defendant is the appropriate sanction for his contempt.

## III.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1.  That Plaintiffs' Motion for an Order to Show Cause, [Docket No. 29], be **GRANTED**; and

2.  That Defendant Andrew Jutila be found in contempt of court; and

    a.  That Defendant be directed to pay the Clerk of Court five-thousand-dollars ($5,000.00) as a sanction for his willful failure to comply with this Court's Order to Compel, [Docket No. 27]; and

    b.  That the fine described in Paragraph 2.a, supra, may be expunged by further Order of this Court only upon a showing that Defendant has fully complied with this Court's Order to Compel, [Docket No. 27], by no later than seven (7) days after

the date that this Report and Recommendation may be adopted by the presiding

District Court Judge.


Dated: January 31, 2014                                    s/Leo I. Brisbois_____
                                                           LEO I. BRISBOIS
                                                           United States Magistrate Judge

# N O T I C E

Because the April 1, 2014, discovery deadline set in this Court's Pretrial Scheduling Order, [Docket No. 16], is rapidly approaching, the Court finds that it is required to reduce the amount of time allowed to file, and to respond to, objections to this Report and Recommendation.

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 7, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **seven days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.